**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:17-cv-124-RJC
(3:15-cr-264-RJC-DSC-1)**

| | |
|---|---|
| SEAN MAURICE ROBINSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court on Petitioner's *pro se* Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, (Doc. No. 1), the Government's Response, (Doc. No. 6), as well as Petitioner's Proposed Order, (Doc. No. 5), Consolidated Motion and Reply, (Doc. No. 7), and Motion for Immediate Ruling or Release Pending Ruling, (Doc. No. 8).

**I.    BACKGROUND**

Petitioner was indicted for: Count (1), conspiracy to traffic more than 100 kilograms of a substance containing a detectable amount of marijuana in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B) and 846; Count (2) possession with intent to distribute marijuana; Count (3), possession of a firearm in furtherance of a drug trafficking crime; and Count (4), possession of a firearm by a felon. (3:15-cr-264, Doc. No. 6). Petitioner pled guilty to Count (1) in exchange for the Government's dismissal of the remaining counts. (3:15-cr-264, Doc. Nos. 15, 16). The plea agreement sets forth Petitioner's sentencing exposure and acknowledges that a Presentence Investigation Report ("PSR") will be completed to calculate the advisory guideline range, and that the ultimate sentencing determination is within the Court's sole discretion. (3:15-cr-264, Doc. No.

1

16 at 1-2). Petitioner stipulated that the information contained in an Information filed by the Government pursuant to 21 U.S.C. § 851 was "accurate and valid" and thus the mandatory statutory sentence was not less than 10 years and not more than life imprisonment. (3:15-cr-264, Doc. No. 16 at 2); see (3:15-cr-264, Doc. No. 7). The Government agreed to withdraw the § 851 Information if Petitioner complied with the plea agreement and was found to be a career offender, which would reduce his sentencing exposure to no less than five years and no more than 40 years of imprisonment. (3:15-cr-264, Doc. No. 16 at 2). The parties agreed to jointly recommend, *inter alia*, that "[t]he amount of a mixture and substance containing a detectable amount of marijuana that was known or reasonably foreseeable by [Petitioner] was at least one hundred (100) kilograms but less than four hundred (400) kilograms…." (3:15-cr-264, Doc. No. 16 at 2-3). Petitioner may not withdraw his guilty plea, expressly waives his rights to be tried by a jury, assisted by counsel at trial, confront and cross-examine witnesses, and not be compelled to incriminate himself. (3:15-cr-264, Doc. No. 16 at 5). Petitioner waived all rights to appeal or collaterally attack his conviction and sentence except with regards to claims of ineffective assistance of counsel or prosecutorial misconduct. (3:15-cr-264, Doc. No. 16 at 5).

The written factual proffer in support of the plea agreement states in part:

> On November 12, 2015, a confidential source of information identified a particular female passenger flying into the Charlotte-Douglas International Airport on a particular flight as a "high risk passenger."
>
> …
>
> The law enforcement team observed the female retrieve her luggage, exit the airport, meet with a vehicle, and place the luggage into the trunk. Members of the law enforcement team approached the vehicle. One of the … agents asked the driver to exit the vehicle. The driver (later identified as Defendant Sean Maurice ROBINSON) delayed complying with the agent's requests, was bending forward, and appeared to be fumbling around the floor board/front seat area. As the agent tried to get ROBINSON out of the vehicle, a firearm fell out and landed on the pavement. The agents took ROBINSON into custody. The agents also seized the

luggage, which had a strong odor of fresh marijuana, and discovered it contained approximately **15 pounds**.

…

**Defendant ROBINSON waived his *Miranda* rights and provided a confession to the law enforcement team**. **He claimed responsibility for the marijuana in the luggage,** as well as the firearm, which he claimed to have purchased for $100 from a crack addict. **ROBINSON admitted that he has previously been involved in 25 trips, which would total well in excess of 100 kilograms**.

(3:15-cr-264, Doc. No. 15 at 1-2) (emphasis added).

Petitioner stated under oath at a Rule 11 hearing that he received a copy of the indictment and discussed it with counsel; he understood the charges against him including the sentencing consequences; he had spoken to counsel about how the U.S. Sentencing Guidelines might apply in his case; he may receive a sentence that is higher or lower than called for by the Guidelines; a sentence more severe than he expects does not give him the right to withdraw his plea; he has the right to plead not guilty and proceed to a speedy jury trial at which he can call and confront witnesses; he would be entitled to the assistance of a lawyer, would be presumed innocent, and would not be required to testify. (3:15-cr-264, Doc. No. 17 at 1-2). He is, in fact, guilty of the count in the indictment to which he was pleading guilty. (3:15-cr-264, Doc. No. 17 at 2). He confirmed that he was waiving his appellate and collateral rights. (3:15-cr-264, Doc. No. 17 at 2). The plea was freely and voluntarily entered and was not the product of promises, threats, intimidation, or force. (3:15-cr-264, Doc. No. 17 at 2-3). Petitioner was satisfied with counsel's services, still wanted to plead guilty, and had no questions or statements. (3:15-cr-264, Doc. No. 17 at 3-4).

The PSR calculated the base offense level as 24 because the § 841 offense involved at least 100 kilograms but less than 400 kilograms of marijuana. (3:15-cr-264, Doc. No. 23 at ¶ 23). Two

levels were added for possession of a dangerous weapon including a firearm. (PSR ¶ 24). This resulted in an adjusted offense level of 26. (3:15-cr-264, Doc. No. 23 at ¶ 28). However, Petitioner qualifies as a career offender so the offense level is 37. (3:15-cr-264, Doc. No. 23 at ¶ 29). Three levels were deducted for acceptance of responsibility resulting in a total offense level of 34. (3:15-cr-264, Doc. No. 23 at ¶¶ 29-32). Petitioner had nine criminal history points and a criminal history category of IV, however, the criminal history category for career offenders is VI. (3:15-cr-264, Doc. No. 23 at ¶ 44, 45). The resulting advisory range was 262 to 327 months' imprisonment. (3:15-cr-264, Doc. No. 23 at ¶ 75).

The Government withdrew the § 851 Information prior to sentencing in accordance with the plea agreement. (3:15-cr-264, Doc. No. 25). This reduced the statutory maximum penalty to 40 years, the total offense level became 31, and the amended advisory guideline range was 188 to 235 months' imprisonment. (3:15-cr-264, Doc. No. 27).

In an order docketed on November 15, 2016, the Court adjudicated Petitioner guilty of Count (1) and sentenced him to 204 months' imprisonment followed by four years of supervised release. (3:15-cr-264, Doc. No. 26). Petitioner did not appeal.

Petitioner timely filed the instant § 2255 Motion to Vacate on March 7, 2017, (Doc. No. 1), alleging a number of errors regarding his conviction and sentence that trial counsel may have been ineffective for failing to raise. The Government filed a Response arguing that Petitioner's claims are procedurally defaulted and conclusively refuted by the record. (Doc. No. 6). Petitioner filed a "Consolidated Motion and Reply," (Doc. No. 7),[1] that is construed as a motion to amend,

---

[1] Although captioned as a "Motion and Reply," this pleading is in the nature of a motion to amend and is construed as such. Haines v. Kerner, 404 U.S. 519 (1972) (a *pro se* complaint, however inartfully pled, must be held to less stringent standards than formal pleadings drafted by lawyers).

4

in which he additionally argues that he is actually innocent of Count (1) and that counsel's ineffectiveness rendered the guilty plea involuntary.

## II. PROCEDURAL DEFAULT

"Habeas review is an extraordinary remedy and will not be allowed to do service for an appeal." Bousley v. United States, 523 U.S. 614, 621 (1998) (internal citations omitted); United States v. Sanders, 247 F.3d 139, 144 (4th Cir. 2001). In order to collaterally attack a conviction or sentence based upon errors that could have been but were not pursued on direct appeal, a petitioner must show cause and actual prejudice resulting from the errors of which he complains or he must demonstrate that a miscarriage of justice would result from the refusal of the court to entertain the collateral attack. See United States v. Frady, 456 U.S. 152, 167-68 (1982); United States v. Mikalajunas, 186 F.3d 490, 492–93 (4th Cir. 1999); United States v. Maybeck, 23 F.3d 888, 891-92 (4th Cir. 1994). To establish cause based upon ineffective assistance of counsel, a petitioner must show that the attorney's performance fell below an objective standard of reasonableness and that he suffered prejudice as a result. See Murray v. Carrier, 477 U.S. 478, 488 (1986); Strickland v. Washington, 466 U.S. 668, 687 (1984). A meritorious claim of ineffective assistance of counsel can establish cause to excuse procedural default. See generally Murray, 477 U.S. at 488 (stating that the Strickland standard applies when a petitioner alleges ineffective assistance of counsel as cause to excuse procedural default). Actual prejudice is shown by demonstrating that the error worked to petitioner's "actual and substantial disadvantage," rather than just creating a possibility of prejudice. See Satcher v. Pruett, 126 F.3d 561, 572 (4th Cir. 1997) (quoting Murray, 477 U.S. at 494). In order to demonstrate that a miscarriage of justice would result from the refusal of the court to entertain the collateral attack, a petitioner must show actual innocence by clear and convincing evidence. See Murray, 477 U.S. at 496.

Liberally construing the *pro se* pleadings, Petitioner appears to argue that counsel's ineffective assistance satisfies the cause and prejudice standard, and by asserting his actual innocence. Neither of these exceptions applies.

The ineffective assistance claims that Petitioner asserts are meritless for the reasons set forth in the Discussion section, *infra,* and therefore he cannot establish cause and actual prejudice based on counsel's performance to excuse his procedural default of these claims.

Petitioner's claim of actual innocence fails because he has not come forward with any evidence that he is factually innocent of Count (1), and his self-serving claim of innocence is refuted by his knowing and voluntary guilty plea. See Section V(1)(a), *infra.*

Accordingly, Petitioner's claims of substantive error are procedurally defaulted, no exception applies, and they are dismissed with prejudice.

### III. WAIVER

"[A] guilty plea constitutes a waiver of all nonjurisdictional defects, including the right to contest the factual merits of the charges." United States v. Willis, 992 F.2d 489, 490 (4th Cir. 1993). After a guilty plea, a defendant may not "raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." Blackledge v. Perry, 417 U.S. 21, 29-30 (1974). He is limited "to attacks on the voluntary and intelligent nature of the guilty plea, through proof that the advice received from counsel was not within the range of competence demanded of attorneys in criminal cases." Id.

Before accepting a guilty plea, a district court must conduct a plea colloquy in which it informs the defendant of, and determines if the defendant comprehends, the nature of the charge to which he is pleading guilty, the maximum possible penalty he faces, any mandatory minimum penalty, and the rights he is relinquishing by pleading guilty. Fed. R. Crim. P. 11(b)(1); United

States v. DeFusco, 949 F.2d 114, 116 (4th Cir. 1991). A court must also ensure that the plea is supported by an independent factual basis and is not the result of force, threats, or promises outside the plea agreement. Fed. R. Crim. P. 11(b)(2), (3).

Petitioner asserts that "there was a Rule 11 violation." (Doc. No. 7 at 2). However, he fails to identify the specific error that allegedly occurred so this claim is too vague and conclusory to support relief. See generally United States v. Dyess, 730 F.3d 354 (4th Cir. 2013) (vague and conclusory allegations contained in a § 2255 petition may be disposed of without further investigation by the district court). It is also refuted by the record. The Court complied with Rule 11 and confirmed that Petitioner understood the charges, his sentencing exposure, and the rights he was relinquishing by pleading guilty. Petitioner's plea agreement also contained an express collateral review waiver that is enforceable. See United States v. Lemaster, 403 F.3d 216, 200 (4th Cir. 2005) (the Fourth Circuit does not distinguish between the enforceability of a waiver of direct-appeal rights from a waiver of collateral-attack rights in a plea agreement). None of the narrow exceptions preventing enforceability of such a provision, such as a sentence that exceeds the statutory maximum, applies in this case. See, e.g., United States v. Marin, 961 F.2d 493, 496 (4th Cir. 1992) ("a defendant who waives his right to appeal does not subject himself to being sentenced entirely at the whim of the district court[,] ... a defendant could not be said to have waived his right to appellate review of a sentence imposed in excess of the maximum penalty provided by statute or based on a constitutionally impermissible factor such as race.").

Petitioner's knowing and voluntary guilty plea waived his substantive attacks on the conviction and sentence. These claims also fail on the merits for the reasons set forth in the Discussion section, *infra*.

7

## IV. SECTION 2255 STANDARD OF REVIEW

A federal prisoner claiming that his "sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a).

The Sixth Amendment to the U.S. Constitution guarantees that in all criminal prosecutions, the accused has the right to the assistance of counsel for his defense. See U.S. Const. Amend. VI. To show ineffective assistance of counsel, Petitioner must first establish deficient performance by counsel and, second, that the deficient performance prejudiced him. See Strickland, 466 U.S. at 687-88. The deficiency prong turns on whether "counsel's representation fell below an objective standard of reasonableness ... under prevailing professional norms." Id. at 688. A reviewing court "must apply a 'strong presumption' that counsel's representation was within the 'wide range' of reasonable professional assistance." Harrington v. Richter, 562 U.S. 86, 104 (2011) (quoting Strickland, 466 U.S. at 689). The Strickland standard is difficult to satisfy in that the "Sixth Amendment guarantees reasonable competence, not perfect advocacy judged with the benefit of hindsight." See Yarborough v. Gentry, 540 U.S. 1, 8 (2003). The prejudice prong addresses whether counsel's deficiency affected the judgment. See Strickland, 466 U.S. at 691. A petitioner must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694. In considering the prejudice prong of the analysis, a court cannot grant relief solely because the outcome would have been different absent counsel's deficient performance, but rather, it "can only grant relief under . . . Strickland if the

'result of the proceeding was fundamentally unfair or unreliable.'" Sexton v. French, 163 F.3d 874, 882 (4th Cir. 1998) (quoting Lockhart v. Fretwell, 506 U.S. 364, 369 (1993)). Under these circumstances, the petitioner "bears the burden of affirmatively proving prejudice." Bowie v. Branker, 512 F.3d 112, 120 (4th Cir. 2008). If the petitioner fails to meet this burden, a "reviewing court need not even consider the performance prong." United States v. Rhynes, 196 F.3d 207, 232 (4th Cir. 1999), *vacated on other grounds*, 218 F.3d 310 (4th Cir. 2000).

Where a defendant enters his plea upon the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was "within the range of competence demanded by attorneys in criminal cases." Hill v. Lockhart, 474 U.S. 52, 56 (1985) (quoting McMann v. Richardson, 397 U.S. 759, 771 (1970)). To satisfy Strickland's prejudice prong, the defendant must show "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill, 474 U.S. at 59.

In considering whether counsel's failure to move to suppress a confession was deficient under Strickland, the question is whether a motion to suppress would have had "some substance." Tice v. Johnson, 647 F.3d 87, 104 (2011). To demonstrate prejudice, a petitioner must show that (1) the motion was meritorious and likely would have been granted, and (2) a reasonable probability that granting the motion would have affected the outcome of trial. Grueninger v. Dir., Va. Dep't of Corr., 813 F.3d 517, 525, 530 (4th Cir. 2016) (citing Kimmelman v. Morrison, 477 U.S. 365, 375 (1986); Tice, 647 F.3d at 104).

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the arguments

presented by Petitioner can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

V. **DISCUSSION**

**(1) Trial Court Error**

Petitioner contends that: (a) the evidence does not support the conspiracy conviction; (b) the drug quantity had to be alleged in the indictment and proven beyond a reasonable doubt; (c) Petitioner does not qualify for sentencing as a career offender pursuant to Johnson v. United States, 135 S.Ct. 2551 (2015); and (d) the sentence exceeds the statutory maximum.

(a) First, Petitioner contends that he should not have been charged and convicted for violating 21 U.S.C. §§ 841 and 846(b)(1)(B) because he was only arrested for possessing 15 pounds of marijuana. This claim is conclusively refuted by the record. Petitioner was charged in Count (1) with conspiracy to traffic 100 kilograms or more of a mixture and substance containing a detectable amount of marijuana. He admitted his guilt of that offense in the written plea agreement, written factual proffer, and at the Rule 11 hearing. The factual proffer specifically provides that he made a post-Miranda[2] confession to police that he was responsible for the 15 pounds of marijuana found in the luggage and that he had previously been involved in 25 trips involving more than 100 kilograms of marijuana. See (3:15-cv-264, Doc. Nos. 6, 15, 16, 17). These admissions demonstrate Petitioner's guilt of Count (1) and his present self-serving and unsupported contentions to the contrary are rejected. See Blackledge v. Allison, 431 U.S. 63, 74 (1977) ("Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible."); see, e.g., United States v.

---

[2] Miranda v. Arizona, 384 U.S. 436 (1966).

Lemaster, 403 F.3d 216, 221–22 (4th Cir. 2005) (§ 2255 petitioner's sworn statements during the plea colloquy conclusively established that his plea agreement and waiver were knowing and voluntary).

(b) Petitioner's contention that the drug quantity was not alleged in the indictment and proven beyond a reasonable doubt is refuted by the record. The indictment charged Petitioner in Count (1) with drug trafficking conspiracy in the quantity of 100 kilograms or more of a mixture and substance containing a detectable amount of marijuana. (3:16-cr-264, Doc. No. 6 at 1). His guilty plea and admitted factual proffer relieved the Government of its burden of proof on the matter. United States v. Willis, 992 F.2d 489, 490 (4th Cir. 1993) (a voluntary and intelligent guilty plea is an admission of all the material facts alleged in the charge).

(c) Petitioner contends that he does not qualify as a career offender pursuant to Johnson v. United States, 135 S.Ct. 2551 (2015), because two of his prior convictions do not have physical force as an element. Johnson announced that the Armed Career Criminal Act's ("ACCA") residual clause is void for vagueness. Johnson does not apply to the advisory sentencing guidelines because "the Guidelines are not amenable to a vagueness challenge." Beckles v. United States, 137 S.Ct. 886, 894 (2017). Petitioner's Johnson attack on his career offender sentence is without basis in the law.

(d) Petitioner's contention that his sentence exceeds the statutory maximum is also meritless. Petitioner pled guilty to violating 21 U.S.C. § 841 by conspiring to traffic 100 kilograms or more of a substance containing a detectable amount of marijuana. This offense is punishable by not less than five years, and no more than 40 years in prison. 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(vii), 846. Petitioner's 204-month sentence is well within the 40-year statutory maximum.

**(2)** **Ineffective Assistance of Counsel**

Petitioner contends that counsel was ineffective for: (a) failing to suppress his confession to police; (b) coercing him to plead guilty; and (c) failing to raise the issues set forth in Claim (1), *supra*.

(a) Petitioner appears to argue that counsel was ineffective for failing to move to suppress his confession to police.[3] This argument has been waived and is too vague and conclusory to support relief.

Petitioner's knowing and voluntary guilty plea waived any claims of ineffective assistance of counsel that preceded it. He does not allege circumstances that would invalidate the waiver, for instance, by alleging that the confession affected the voluntariness of his plea. See generally McMann, 397 U.S. at 765.

Nor do Petitioner's conclusory allegations state a facially sufficient claim of ineffective assistance of counsel. First, Petitioner has not shown deficient performance by explaining how a motion to suppress his confession would have had some substance. Second, he has not shown prejudice because he neither explains why a motion to suppress his post-Miranda confession would have succeeded, nor a reasonable probability that prevailing on the motion to suppress would have resulted in a different outcome.

(b) Petitioner alleges that ineffective assistance of counsel rendered his plea involuntary because counsel coerced him and misadvised him that he would face a much higher sentence if he was convicted at trial.

---

[3] Petitioner alleges in his January 2, 2018, "Consolidated Motion and Reply" that counsel was ineffective for "fail[ing] to move to strike the alleged statement that was made by the Petitioner." (Doc. No. 7 at 4-5). The Court assumes that this claim is timely for purposes of this discussion and declines to address the statute of limitations *sua sponte*. See generally Fed. R. Civ. P. 15(c)(1)(B); see Mayle v. Felix, 545 U.S. 644, 664 (2005) (discussing relation back); Day v. McDonough, 547 U.S. 198, 205, 209, 211 n.11 (2006) (in the state habeas context, "[a] statute of limitations defense … is not jurisdictional, hence courts are under no obligation to raise the time bar *sua sponte*.") (quotation omitted); see also Howie v. United States, 2012 WL 6194406 (W.D.N.C. Dec. 12, 2012) (recognizing that § 2255's statute of limitations is not jurisdictional and that courts *may* consider it *sua sponte*).

Petitioner's claims that he did not understand the plea and was coerced by counsel are conclusively refuted by the record. See Section III, *supra*. His self-serving and unsupported arguments to the contrary are rejected. See Blackledge, 431 U.S. at 74; Lemaster, 403 F.3d at 221.

Petitioner's suggestion that counsel misadvised him about his sentencing exposure is meritless. Petitioner's plea resulted in the Government's dismissal of three serious charges, he received a three-level reduction for acceptance of responsibility, and the Government withdrew its § 851 notice which reduced his sentencing range for Count (1) from 10 years to life, to between five and 40 years. Assuming that counsel told Petitioner he could receive a much higher sentence if he rejected the plea and was convicted at trial, this advice was not deficient or coercive; it was a legally sound assessment of Petitioner's sentencing exposure. Nor has Petitioner established a reasonable probability that he would have proceeded to trial but for counsel's alleged misadvice. He has failed to establish that any ineffective assistance occurred or rendered the plea involuntary under these circumstances.

(c) Finally, Petitioner contends that counsel was ineffective for failing to raise the claims set forth in Section (1)(B), *supra*. Those claims are meritless and thus counsel cannot be deemed ineffective for failing to raise them. Knowles v. Mirzayance, 556 U.S. 111, 123 (2009) ("this Court has never required defense counsel to pursue every claim or defense, regardless of its merit, viability, or realistic chance for success.").

## IV. PENDING MOTIONS

**(1) "Proposed Order"**

In Petitioner's "Proposed Order," (Doc. No. 5), he requests immediate relief because the sentence, as recalculated according to the § 2255 arguments, is about to expire. This Motion is

denied as moot because the Government's Response has been timely filed and Petitioner is not entitled to resentencing.

**(2)** **Consolidated Motion and Reply**

This pleading is construed as a motion to amend the § 2255 Motion to Vacate. The motion is granted insofar as the issues raised in this pleading have been considered in support of the § 2255 Motion to Vacate.

**(3)** **Motion for Immediate Ruling or Release**

Finally, in his Motion for Immediate Ruling or Release Pending Ruling, (Doc. No. 8), Petitioner asks the Court to release him pending a ruling on his § 2255 Motion to Vacate because he has already served more than the maximum possible sentence for possessing 15 pounds of marijuana. The portion of the Motion requesting an immediate ruling is granted insofar as the instant Order disposes of his § 2255 Motion to Vacate, but his request for release is denied because his sentencing claims are procedurally defaulted and meritless.

**V.   CONCLUSION**

For the foregoing reasons, the Court dismisses and denies Petitioner's § 2255 Motion to Vacate, construes the Consolidated Motion and Reply as a motion to amend and grants relief as stated in this Order, grants in part and denies in part the Motion for Immediate Ruling or Release, and denies the Proposed Order as moot.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, (Doc. No. 1), is **DENIED** and **DISMISSED** with prejudice.

2. Petitioner's "Proposed Order," (Doc. No. 5), is **DENIED** as moot.

14

3. Petitioner's "Consolidated Motion and Reply," (Doc. No. 7), is construed as a motion to amend, which is **GRANTED** insofar as the Court has considered the new claims and arguments.

4. Petitioner's Motion for Immediate Ruling or Release Pending Ruling, (Doc. No. 8), is **GRANTED** in part and **DENIED** in part.

5. IT IS FURTHER ORDERED that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

Signed: March 29, 2018

_____
Robert J. Conrad, Jr.
United States District Judge