UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:17-cv-124-RJC
(3:15-cr-264-RJC-DSC-1)

| | |
|---|---|
| SEAN MAURICE ROBINSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court on Petitioner's *pro se* Application for Certificate of Appealability, (Doc. No. 16), and Motion for Relief pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, (Doc. No. 17).

**I.  BACKGROUND**

Petitioner pled guilty in the underlying criminal case to conspiracy to traffic more than 100 kilograms of a substance containing a detectable amount of marijuana and was sentenced to 204 months' imprisonment followed by four years of supervised release. (3:15-cr-264, Doc. No. 26). Petitioner did not appeal.

Petitioner filed a § 2255 Motion to Vacate in the instant case on March 7, 2017, alleging a number of errors regarding his conviction and sentence that trial counsel may have been ineffective for failing to raise. (Doc. No. 1). The Court denied and dismissed the petition as procedurally defaulted, waived by the guilty plea, and meritless. (Doc. No. 9). The Fourth Circuit dismissed

1

Petitioner's appeal after independently reviewing the record. United States v. Robinson, 724 Fed. Appx. 255 (4th Cir. 2018). The mandate issued on August 14, 2018. (Doc. No. 18).

Meanwhile, on June 6, 2018, Petitioner filed the instant Application for Certificate of Appealability, (Doc. No. 16), in which he argues that his sentence exceeds the statutory maximum and a certificate of appealability is required to correct the error.

On June 15, 2018, Petitioner filed Motion for Relief pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, (Doc. No. 17), in which he argues that the prosecutor deceived the Court and sought to increase Petitioner's sentence with false information at sentencing; counsel was ineffective for making an unfavorable plea deal with the Government; and it was plain error to increase Petitioner's sentencing guidelines based on false information.

**II.    DISCUSSION**

**(1)    Rule 60**

Rule 60 provides permits a court to correct orders and provide relief from judgment under the following circumstances:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

A Rule 60(b) motion must be made within a "reasonable time," and for reasons (1) through (3), "no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c). The party moving for relief from judgment under Rule 60(b) bears the burden of showing timeliness. Wells Fargo Bank, N.A. v. AMH Roman Two NC, LLC, 859 F.3d 295 (4th Cir. 2017).

Rule 60(b) is an "extraordinary remedy" which sets aside "the sanctity of [a] final judgment." Compton v. Alton Steamship Co., Inc., 608 F.2d 96, 102 (4th Cir. 1979) (citation and internal quotation marks omitted). A movant must first show that he has moved in a timely fashion, that he has a meritorious defense to the judgment, that the opposing party would not be unfairly prejudiced by a set aside, and show exceptional circumstances. See Aikens v. Ingram, 652 F.3d 496, 501 (4th Cir. 2011); Werner v. Carbo, 731 F.2d 204, 206-07 (4th Cir. 1984) (citing Compton, 608 F.2d at 102). If a movant satisfies these three requirements, then he must show that his motion falls under one of the six grounds set forth in Rule 60(b). Werner, 731 F.2d at 207. Relief from judgment under Rule 60(b)(6) should be granted only upon a showing that relief is "appropriate to accomplish justice" in "situations involving extraordinary circumstances." Dowell v. State Farm Fire Cas. Auto. Ins. Co., 993 F.2d 46, 48 (4th Cir.1993) (internal quotation marks and citation omitted). A change in decisional law subsequent to a final judgment provides no basis for relief under Rule 60(b)(6). Id.

Where a petitioner seeks relief from a judgment under Rule 60(b) on grounds other than a clerical mistake, courts must treat such a motion as seeking successive post-conviction relief when

failing to do so would allow the applicant to evade the bar against re-litigation of claims presented in a prior application or the bar against litigation of claims not presented in a prior application. United States v. Winestock, 340 F.3d 200, 206 (4th Cir. 2003) (requiring district courts to review Rule 60(b) motions to determine whether such motions are tantamount to a § 2255 motion); 28 U.S.C. § 2244(b)(3)(A) ("[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.").

As a general matter, "a motion directly attacking the prisoner's conviction or sentence will usually amount to a successive application, while a motion seeking a remedy for some defect in the collateral review process will generally be deemed a proper motion to reconsider." Winestock, 340 F.3d at 207; see also Gonzalez v. Crosby, 545 U.S. 524, 531-33 (2005) (concluding that a Rule 60(b) motion for relief from judgment that directly challenges the underlying conviction constitutes a successive § 2254 petition).

In the instant Rule 60(b) Motion, Petitioner merely reiterates claims for § 2255 relief. These are direct attacks on the conviction and sentence which are improper grounds for seeking reconsideration and, in essence, he is attempting to file a successive § 2255 petition. Therefore, Petitioner's Rule 60(b) Motion will be denied.

**(2)**     **Certificate of Appealability**

A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); see Rule 11(a), Rules Governing Section 2255 Cases. A petitioner must show that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate

4

to deserve encouragement to proceed further. See Miller-El v. Cockrell, 537 U.S. 322, 338 (2003); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).

The Court declines to issue a certificate of appealability because Petitioner has not made a substantial showing of the denial of a constitutional right and reasonable jurists would find the Court's assessment of the constitutional claims debatable or wrong.

### III. CONCLUSION

For the foregoing reasons, the Court denies Petitioner's Application for Certificate of Appealability, (Doc. No. 16), and Motion for Relief pursuant to Rule 60(b), (Doc. No. 17).

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Application for Certificate of Appealability, (Doc. No. 16), is **DENIED**.

2. Petitioner's Motion for Relief pursuant to Rule 60(b), (Doc. No. 17), is **DENIED** as moot.

Signed: September 5, 2018

Robert J. Conrad, Jr.
United States District Judge