UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:17-cv-124-RJC
(3:15-cr-264-RJC-DSC-1)

| | | |
|---|---|---|
| SEAN MAURICE ROBINSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

**THIS MATTER** is before the Court on Petitioner's *pro se* Motion for Reconsideration, (Doc. No. 20).

Petitioner filed a § 2255 Motion to Vacate in the instant case on March 7, 2017, alleging a number of errors regarding his conviction and sentence that trial counsel may have been ineffective for failing to raise. (Doc. No. 1). The Court denied and dismissed the petition as procedurally defaulted, waived by the guilty plea, and meritless. (Doc. No. 9). The Fourth Circuit dismissed Petitioner's appeal after independently reviewing the record. United States v. Robinson, 724 Fed. Appx. 255 (4th Cir. 2018). The mandate issued on August 14, 2018. (Doc. No. 18).

On June 6, 2018, Petitioner filed an Application for Certificate of Appealability, (Doc. No. 16), in which he argued that his sentence exceeds the statutory maximum and a certificate of appealability is required to correct the error. On June 15, 2018, Petitioner filed Motion for Relief pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, (Doc. No. 17), in which he argued that the prosecutor deceived the Court and sought to increase Petitioner's sentence with false

1

information at sentencing; counsel was ineffective for making an unfavorable plea deal with the Government; and it was plain error to increase Petitioner's sentencing guidelines based on false information. On September 5, 2018, the Court denied Rule 60(b) relief because it was, essentially, a successive § 2255 petition and declined to issue a certificate of appealability because Petitioner failed to make the requisite showing. (Doc. No. 19).

Petitioner has now filed a Motion for Reconsideration in which he alleges "fraud, misrepresentation or misconduct by Federal and State Agents and the U.S. Attorney" and that there is a "clerical error." (Doc. No. 20 at 1). It appears that Petitioner is asking the Court to reconsider its September 5, 2018 Order. However, Petitioner fails to set forth any legal or factual basis to support his vague and conclusory Motion for Reconsideration. Therefore, Petitioner's Motion for Reconsideration will be denied.

**IT IS THEREFORE ORDERED** that Petitioner's Motion for Reconsideration, (Doc. No. 20), is **DENIED.**

Signed: November 28, 2018

Robert J. Conrad, Jr.
United States District Judge